IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DEVIN ESPINOZA,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO ADJUST PAYMENT SCHEDULE<br><br><br><br>Case No. 2:00-CR-56 TS |

    This matter is before the Court on Defendant's Motion to Adjust the Restitution Payment Schedule.[1] Also before the Court is Defendant's Motion for Judgment on the Pleadings.[2] The Court will construe Defendant's Motion for Judgment as a request to submit for decision on Defendant's Motion to Adjust the Restitution Payment Schedule.

    Defendant moves the Court for "an adjusted payment schedule to his restitution obligation during his period of incarceration."[3] According to Defendant, he previously agreed to pay $25 per month toward his restitution obligations. However, Defendant asserts that, absent a

---

[1] Docket No. 166.

[2] Docket No. 168.

[3] Docket No. 166, at 1.

1

court-ordered payment schedule for the period of incarceration, the Bureau of Prisons ("BOP") will impose a restitution payment schedule requiring him to pay $100 per month. Defendant argues that such a payment schedule is unreasonable.

In its Judgment, this Court made restitution in this matter payable at a "minimum rate of $150 per month or as otherwise directed by the United States Probation Office."[4] The Court did not set a restitution payment schedule for the period of incarceration. Construing Defendant's pro se motion liberally, it appears Defendant is making a challenge to the BOP's ability to schedule restitution payments. "Because a challenge to the BOP's authority to set restitution payment terms goes to the execution of a [prisoner's] sentence, this claim falls within those properly raised in a petition for habeas corpus under § 2241."[5]

Thus, Defendant must raise this issue as a petition filed under 28 U.S.C. § 2241. However, "prior to seeking relief under § 2241, federal prisoners must exhaust administrative remedies."[6] Defendant has not shown that he has exhausted his administrative remedies with the BOP regarding his schedule of payments. Therefore, Defendant's Motion will be denied without prejudice to allow him to exhaust those remedies.

Further, if Defendant exhausts his remedies and is not satisfied, § 2241(a) provides that a "[w]rit[] of habeas corpus may be granted by [one of the federal courts] within their respective

---

[4] Docket No. 127, at 3.

[5] *Wallette v. Wilner*, 321 F. App'x 735, 737 (10th Cir. 2009) (unpublished).

[6] *Id.* (citing *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)).

jurisdictions." Therefore, any future § 2241 petition raising these issues must be filed in the district where the prisoner is confined.[7] Defendant is confined in California.

In light of the foregoing, Defendant's Motion will be dismissed without prejudice because Defendant has not exhausted his administrative remedies with the BOP. It is therefore

ORDERED that Defendant's Motion to Adjust the Restitution Payment Schedule (Docket No. 166) is DENIED without prejudice. Pursuant to the terms of this Order, Defendant may re-file in the district where he is confined once he has exhausted his administrative remedies with the BOP. It is further

ORDERED that Defendant's Motion for Judgment on the Pleadings (Docket No. 168) is DENIED AS MOOT.

DATED  July 26, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7]*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).