IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OMAR SANCHEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTIONS FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:00-CR-56 TS |

This matter is before the Court for consideration of Defendant's Motions for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

A Superseding Indictment was brought against Defendant on March 1, 2000. The Superseding Indictment contained two counts: (1) armed bank robbery, a violation of 18 U.S.C. § 2113(a) and (d); and (2) use of a firearm during a felony, a violation of 18 U.S.C. § 924(c).

---

[1]Docket Nos. 171, 172.

1

Defendant pleaded guilty to both counts of the Superseding Indictment on April 4, 2000. Defendant was sentenced on June 20, 2000, to a period of 130 months in the custody of the Bureau of Prisons, to be followed by a 60-month term of supervised release. Defendant now moves to terminate that supervision. The government has no objection to the Motion.

In his Motion, Defendant states that he has completed 36 of his 60 months of supervised release. Defendant indicates that he has been compliant with the terms of his supervision and has made significant payment towards his restitution. Defendant also indicates that he would like to relocate to Elko, Nevada, to pursue a career in the mining industry. Consultation with Defendant's supervising officer confirms that Defendant has remained substantially compliant with the terms of his supervised release and has paid over $15,000 of the restitution owed in this case.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motions for Early Termination of Supervised Release (Docket Nos. 171, 172) are GRANTED.  It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

DATED   October 30, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge